WILLIAM HUNTER, Appellant, *v.* JOHN J. FINNERTY and VICTOR THOMAS, Individually and as Copartners, Doing Business under the Name and Style of J. J. FINNERTY COMPANY, Respondents.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Negotiable instruments — note given for automobile — action by payee — counterclaim for breach of warranty in car — insufficient proof.**

In an action to recover upon a promissory note given for the purchase price of an automobile the answer alleged that the car was sold with warranty that it was good and usable, but that it was worthless.   The evidence showed that defend-

ants did not reject the car and that the contract of purchase was never rescinded. *Held*, that for breach of the warranty defendants, under section 150-a of the Personal Property Law, could either recoup in diminution or extinction of the purchase price or bring an action for damages.

The defendants, however, counterclaimed for money expended in repairs to the car to make it usable but plaintiff contradicted the defendants' story and the proof was insufficient to show either that the car and its parts had no value or to establish that the parts supplied and the repairs which defendants made under plaintiff's instructions were proper and necessary and that the price paid for such repairs was fair and reasonable. *Held*, that a judgment dismissing the complaint and awarding damages on the counterclaim will be reversed and a new trial ordered.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of defendants, dismissing the complaint and awarding defendants $165.50 damages on their counterclaim, besides costs.

*Horace London*, for appellant.

*Louis Rosenberg*, for respondents.

*Per Curiam.* Action on a promissory note for $350. Answer that plaintiff sold defendants an automobile for $350 with a warranty that it was good and usable, for which they executed the note in suit, and that the automobile was worthless. Defendants counterclaimed for $219 expended in repairs to the automobile to make it usable. Plaintiff contradicted defendants' story.

The evidence shows that defendants did not reject the car and never actually rescinded the contract to purchase the same. This being so they had the remedies provided for a breach of the warranty, viz., to recoup in diminution or extinction of the purchase price, or to maintain an action against the plaintiff for their damages.

The remedy here was under section 150, subdivision a, of the Personal Property Law, and involves an abatement of the purchase price which can amount to the whole purchase price only where the goods are worthless. *Gerli & Co.* v. *Mistletoe Silk Mills*, 80 N. J. Law, 128, 130.

There is not sufficient proof to show that the car and its parts have no value, nor is there sufficient proof to establish that the parts supplied and the repairs which defendants made, under the plaintiff's instructions to have the car fixed up, were proper and necessary and that a fair and reasonable price was paid for the same.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and DELEHANTY, JJ.

Judgment reversed.